**DONLIN, a Minor, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3848. Decided April 4, 1957.

Traxier & Beil, Youngstown, for plaintiff-appellee.

William Saxbe, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant, Industrial Commission of Ohio, called the Commission, appealed to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict for plaintiff in her appeal to that court from the denial by the commission of plaintiff's application for the right to participate in the Workmen's Compensation Fund of Ohio because of the death of her father. Robert Donlin, called decedent, upon whom plaintiff was solely dependent for support on December 19, 1953, when decedent died.

Ruling upon plaintiff's motion to dismiss defendant's appeal this court held "that the motion to dismiss the appeal should be sustained as to the judgment rendered after the overruling of the motion for a new trial, but that the motion to dismiss should be overruled as to the

judgment rendered upon motion for judgment notwithstanding the verdict."

At the time of his death decedent was employed by Swedlow Plastics Company of Youngstown, a corporation, called the company, which was amenable to and complying with the provisions of the Workmen's Compensation Act of Ohio, in cleaning canopies to be placed in the oven of a furnace heated to a temperature of 350 degrees Fahrenheit, and was working three feet distant therefrom.

On defendant's appeal to the Supreme Court that court reversed the judgment of this court, and in the final paragraph of the opinion written in the case reported in 166 Oh St 27, said at page 29:—

"The judgment of the Court of Appeals so far as it sustains the motion to dismiss the appeal is reversed, and the cause is remanded to the court of appeals to consider the issues raised by the assignment of errors filed in that court."

Now we proceed to consider the issues raised in this court.

There is evidence that on December 19, 1953, plaintiff was subjected to heat which allegedly caused him to fall striking his head against the dry smooth concrete floor on which he was standing when he fell, fracturing his skull which directly and proximately caused his death on that date.

Defendant admits that decedent sustained an accidental injury on December 19, 1953, and concedes that his injury was received in the course of his employment with Swedlow Plastics Company, and says by brief "for the decedent was at his station of duty during his regular working hours when he sustained the injury," but contends "that the decedent's accidental injury did not arise out of the decedent's employment."

There is conflicting evidence as to whether decedent worked in unusual heat or under unusual working conditions on the day of his death. whether he worked in the normal temperature of or in a temperature higher than the temperature throughout the plant.

Witness Dorling, an inspector for Swedlow Plastics Company, testified:—

"A. Well, that one day it seemed to be extra hot. It was really, oh, I would say it was pretty close to a hundred, because I myself made a comment myself that it was really warm in here today.

"A. Oh, I would say they usually keep it up pretty warm, around 78, 80."

There is evidence that on the day he fell decedent worked next to an oven where he did not work regularly, and in the vicinity of which the temperature was extremely high.

Defendant contends that the trial judge erred to its prejudice "in admitting over objections made at the rehearing and renewed upon trial opinions and conclusions of the coroner gained through hearsay and not within facts gained through personal knowledge of said coroner," which opinions and conclusions were contained in decedent's death certificate Defendant supports its contention by citation of §§3705.05 and 313.10 R. C., and Carson v. Metropolitan Life Insurance Co., 156 Oh St 104, and Stough v. Industrial Commission, 142 Oh St 446.

We find no error prejudicial in this respect as claimed by defendant.

Arguing its assigned ground of error that the trial judge erred in ruling generally on the objections of counsel for the plaintiff since such objections were devoted specifically to the right of counsel for the employer to participate in the proceedings it appears that counsel for plaintiff specifically objected to each and every question asked by counsel for Swedlow Plastics Company, decedent's employer, in cross-examination of plaintiff's witness Magner, which objections the trial judge sustained. Defendant contends this is contrary to the provisions of §4123.51 R. C., authorizing such cross-examination and participation by employer's counsel, and denying the defendant showing "decedent's physical condition, general health and condition of well being prior to his death."

The trial judge did not deny defendant the right of cross-examination, and we believe did not err to defendant's prejudice as charged in this assigned ground of error.

In cases like the one we review "it is necessary for plaintiff to show by a preponderance of the evidence that he received an accidental injury in the course of and arising out of his employment" and "the evidence so produced must remove the case from the realm of speculation and conjecture." In support of this contention defendant cites Aiken v. Industrial Commission, 143 Oh St 113; McNees v. Cincinnati St. Ry. Co., 52 Oh St 277; Pfister v. Industrial Commission, 139 Oh St 399; and Drakulich v. Industrial Commission, 137 Oh St 82.

We believe that plaintiff showed by the required degree of proof that decedent received an accidental injury in the course of and arising out of his employment with defendant corporation on the day and at the time alleged.

Plaintiff's evidence disclosed a causal connection between plaintiff's employment and death. Defendant's evidence disclosed no such causal connection between plaintiff's employment and death thus presenting a question for the determination of the jury, which as we view it is the controlling issue in this appeal and thus releases the trial judge from the charge of commission of error in overruling defendant's motion for judgment to be entered in its favor notwithstanding the verdict of the jury returned against it and judgment of the trial court entered thereon.

While the weight of the evidence was assigned as a ground of error it was withdrawn by counsel for the Industrial Commission in open court. Accordingly, we will not pass upon that assigned ground of error, and by such action do not intend to nor believe that we are failing to comply strictly with the order of the Supreme Court "to consider the issues raised by the assignment of errors filed in that court."

The test which we have applied in determining whether the trial judge erred in overruling defendant's motion for judgment to be entered in its favor notwithstanding the verdict of the jury rendered against it is as announced in 145 Oh St 218, Wilkeson v. Erskine & Sons, whether the evidence presented was such that reasonable minds could not differ and could come to but one conclusion, and as evidenced by our decision have reached the conclusion that reasonable minds could and possibly

would differ as to whether or not decedent received an accidental injury in the course of and arising out of his employment with defendant which caused his death.

It is common knowledge, to which we need not resort as there is undenied evidence, that it was much hotter near the furnace than in other parts of defendant's plant; that when working three feet from the furnace, which was heated to 350 degrees, from which heat was escaping from cracks in the doors of the furnace, plaintiff clearly was subjected to a temperature higher than the "hundred" degree prevalent throughout the rest of defendant's plant on the day in question, which, as stated supra, normally was 78 to 80 degrees where decedent was ordinarily employed, and to the heat of which he was accustomed.

Having, as we interpret our duty, obeyed the instructions of the Supreme Court completely to consider the issues raised by the assignments of error filed in this court and disposed of each assigned ground of error separately and at some length, as indicated herein, the judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.